IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GARRETT STEPHENSON, GATEWAY RECRUITING, LLC, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br>*Plaintiffs*<br><br>-vs-<br><br>RACKSPACE TECHNOLOGY, INC,<br>*Defendant* | § § § § § § § § § § § § | SA-22-CV-01296-XR |

| | | |
|---|---|---|
| CHRIS ONDO, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br>*Plaintiffs*<br><br>-vs-<br><br>RACKSPACE TECHNOLOGY, INC,<br>*Defendant* | § § § § § § § § § § § § | SA-22-CV-01306-XR |

## AMENDED ORDER

On this day, the Court considered the motion to consolidate (ECF No. 5) filed in *Garrett Stephenson et al v. Rackspace Technology, Inc*. (5:22-cv-1296-XR). After careful consideration, the motion is **GRANTED**.

### BACKGROUND

These cases arise from a cybersecurity incident purportedly discovered and announced by Defendant Rackspace Technology, Inc. ("Rackspace") on or about December 2, 2022, in which unauthorized individuals seemingly gained access to Defendant's information network. Garrett Stephenson and Gateway Recruiting, LLC ("Gateway") filed the first-filed class action on December 5, 2022, seeking damages, injunctive and equitable relief in connection with the security incident. *See Garrett Stephenson et al v. Rackspace Tech., Inc*., No. 5:22-cv-01296-XR

(the "*Stephenson* Action"), ECF No. 1. A second class action arising out of the security incident was filed the next day by Chris Ondo. *See Chris Ondo v. Rackspace Technology, Inc.*, No. 5:22-cv-01306-XR (the "*Ondo* Action"), ECF No. 1. The *Ondo* Action was originally assigned to Judge Biery, who transferred the case to the undersigned. *Id.*, ECF No. 4.

The plaintiffs in both actions ("Plaintiffs") now jointly ask the Court to consolidate the two cases because they are "substantially identical, assert substantially overlapping factual allegations, involve substantially similar substantive theories of relief, and are in a similar procedural posture." *Stephenson* Action, ECF No. 5 at 4. Plaintiffs further move the Court to appoint Cole & Van Note—counsel for Garrett Stephenson and Gateway—as interim Lead Counsel and Texas-based Sadovsky & Ellis as interim Liaison Counsel, pursuant to Federal Rule of Civil Procedure Rule 23(g)(3). *See id.*

## DISCUSSION

### I.     Motion to Consolidate Related Cases

Federal Rule of Civil Procedure 42(a) provides that if actions "involve a common question of law or fact," the court may "consolidate the actions" or "issue any other order to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). The decision to consolidate actions under Rule 42(a) is "entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973).

In determining whether consolidation is appropriate, the district court examines factors that include the following: (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the

cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately. *See Harris v. Bexar Cnty.*, No. SA–08–CV–728–XR, 2009 WL 4059092, at *1 (W.D. Tex. Nov. 23, 2009); *Russo v. Alamosa Holdings, Inc.*, No. Civ. A. 5:03–CV–312–C, 2004 WL 579378, at *1 (N.D. Tex. Feb. 27, 2004).

The Court agrees with Plaintiffs the consolidation of these cases is appropriate. The actions are pending before the same court. They involve common questions of law and fact. Indeed, while the named Plaintiffs are different, both cases are putative class actions seeking to represent the same of group of putative litigants affected by the same data breach. Both include substantially the same federal and state claims for relief and seek the same or similar declaratory and injunctive relief, requiring Defendant to implement and maintain adequate security measures, along with damages. Moreover, there is no risk of prejudice, confusion, or unfair advantage if the cases are consolidated, and the interests of judicial economy dictate that the matters be consolidated. Finally, to the extent that Defendant opposes consolidation after it appears in the consolidation action, the Court will entertain a motion to sever the cases at that time.

**II.     Motion to Appoint Interim Class Counsel and Liaison Counsel**

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3). "Designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities." *Kjessler v. Zaappaaz, Inc.*, No. 4:17-CV-3064, 2018 WL 8755737, at *3 (S.D. Tex. Aug. 31,

2018) (citing Manual for Complex Litigation (Fourth) § 10.221 (2004)). When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A) of the Federal Rules of Civil Procedure. *Kjessler v. Zaappaaz, Inc.*, No. 4:17-CV-3064, 2018 WL 8755737, at *3 (S.D. Tex. Aug. 31, 2018) (citing *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016) and *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008)).

Rule 23(g)(1)(A) provides that the Court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class (the "Rule 23(g) factors"). In addition, the Court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B).

"Courts may appoint liaison counsel, lead counsel, trial counsel, or committees of counsel." *In re: Wells Fargo Wage & Hour Employment Practices Litig. (No. III)*, 2011 WL 13135156, at *3 (S.D. Tex. Dec. 19, 2011). "The court has a great deal of flexibility with regard to appointing representative counsel; for instance, one attorney may serve as lead, liaison, and trial counsel, or the function of lead attorney may be split among several attorneys." *Id.* "However, 'the number of attorneys appointed should not be so large as to defeat the purpose of making such appointments.'" *Id.* (quoting Manual for Complex Litigation (Fourth) § 10.221 (2004)).

Cole & Van Note has decades of experience with data privacy, employment, environmental, and consumer litigation and has prosecuted hundreds of class actions in state and

4

federal courts, in which it has frequently served as lead counsel. *See* ECF No. 5-1, Decl. of Scott Edward Cole. Moreover, Cole & Van Note has already dedicated meaningful resources to investigating the facts surrounding the Rackspace security incident and researching the legal basis for liability in this matter.

After considering the criteria of Rule 23(g), the Court appoints Scott Edward Cole of Cole & Van Note as interim lead counsel and Jon Ellis of Sadovsky & Ellis, PLLC as interim liaison counsel.

## CONCLUSION

Plaintiffs' motion to consolidate and motion to appoint interim class counsel filed in SA-22-CV-01296-XR (ECF No. 5) is hereby **GRANTED**.

The Court hereby **ORDERS** that SA-22-CV-01306-XR be consolidated into the lead case, SA-22-CV-01296-XR, which was first filed. It is **FURTHER ORDERED** that all future filings be filed in SA-22-CV-01296-XR.

Given these circumstances, the Court concludes that SA-22-CV-01306-XR is appropriate for administrative closure. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014). The Clerk's Office is therefore **DIRECTED** to administratively close SA-22-CV-01306-XR pending further order of the Court.

It is further **ORDERED** that Scott Edward Cole of Cole & Van Note shall be appointed interim lead counsel for the consolidated cases; and Jon Ellis of Sadovsky & Ellis, PLLC shall be appointed liaison counsel for the consolidated cases.

It is so **ORDERED**.

**SIGNED** this 14th day of December, 2022.

                                                              XAVIER RODRIGUEZ
                                                              UNITED STATES DISTRICT JUDGE